IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:14-CV-432-BO

| | | |
|---|---|---|
| MARY C. WILLINGHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THE UNIVERSITY OF NORTH CAROLINA, | ) | **O R D E R** |
| A Body Politic and Corporate Institution of the | ) | |
| State of North Carolina, THE UNIVERSITY OF | ) | |
| NORTH CAROLINA AT CHAPEL HILL, | ) | |
| a Constituent Institution of the University of | ) | |
| North Carolina, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on the defendants' motion to dismiss [DE 13], defendants' motion to transfer case [DE 15], and defendants' motion to strike [DE 11]. A hearing was held on the motion to transfer on November 17, 2014 in Raleigh, North Carolina. For the reasons stated herein, the motion transfer is DENIED, and the remaining motions are DENIED AS MOOT.

## BACKGROUND

Plaintiff, Mary Willingham is a former employee of the University of North Carolina at Chapel Hill (UNC-Chapel Hill). Plaintiff was hired around October 2003, and was promoted in December 2004. Plaintiff then became disillusioned by her first-hand experiences working with UNC-Chapel Hill's student athletes and sought another position within the area of academic support. On or about January 15, 2010, defendants hired plaintiff to serve as full-time assistant director for UNC-Chapel Hill's Center for Student Success and Academic Counseling

("CSSAC"). In September 2010, Ms. Willingham met with an attorney from UNC-Chapel Hill's Office of University Counsel and the faculty athletic chair for more than 2 hours to report her personal knowledge about the improper, unethical, and corrupt treatment that UNC-Chapel Hill athletes had received from faculty or staff. Plaintiff received no response or follow up from the University Counsel and began speaking with a writer for the News & Observer ("N&O") newspaper concerning her personal knowledge concerning the inappropriate services that UNC-Chapel Hill's managers and staff provided to student athletes to keep them eligible to compete in the "revenue sports."

Plaintiff alleges that she informed her supervisor at the time that she was speaking with an N&O reporter who, despite his initial assurances that he could not stop her from speaking with the press, began to retaliate against her shortly thereafter. Ultimately, plaintiff alleges that she was retaliated against by UNC-Chapel Hill and filed this suit. Plaintiff asserts claims against defendants for First Amendment reprisal pursuant to 42 U.S.C. § 1983 and for retaliation pursuant to the North Carolina Whistleblower Act, as codified in N.C. Gen. Stat. §§ 126-48, *et seq.* ("Whistleblower Act").

## DISCUSSION

Defendants request that this Court transfer this case to the District Court for the Middle District of North Carolina pursuant to 28 U.S.C. § 1404(a). 28 U.S.C. § 1404(a) provides, in relevant part:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought. . . .

The policy underlying the statute is to "prevent the waste of time, energy, and money, and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." *Van*

*Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (citations omitted). The decision whether to transfer under § 1404(a) is a case-specific determination that is committed to the sound discretion of the trial court. *Memsys, Inc. v. Act Tech. Seed Fund, L.L.C.*, 2010 U.S. Dist. LEXIS 58895, *7 (E.D.N.C. Jun. 14, 2010) (citing *Southern Ry. Co. v. Madden*, 235 F.2d 198, 201 (4th Cir.1956)).

At the hearing, defendants stated that their motion to transfer venue was filed mostly out of a concern for convenience. The defendants said that they were concerned that hearings and a trial could take place in any division within this District which would be inconvenient to the parties and potential witnesses in the case. Plaintiff correctly noted that Orange County, the location of the events underlying this action, the parties, and potential witnesses, is much closer to this Court's Raleigh location than the potential locations in the Middle District of Greensboro and Winston-Salem. The Court indicated that proceedings would be held in the Raleigh Division of the Eastern District of North Carolina. Defendants conceded that the final decision on the matter of venue was soundly within this Court's discretion and that the Raleigh Division would represent the most convenient venue for all of the parties. Defendants did not articulate any other reasoning in support of their motion to transfer at the hearing effectively abandoning the other arguments made in their briefing in support of the motion.

The Court finds that plaintiff filed this matter in Wake County Superior Court before its removal to this Court, that the Raleigh Division of the Eastern District of North Carolina is most proximate to the parties and potential witnesses in this matter. Accordingly, in exercise of its discretion and in the interests of justice and convenience for the parties, the Court denies the motion to transfer venue.

3

Defendants represent that the two other pending motions before this Court have been rendered moot by the Court's granting of plaintiff's motion to amend. [DE 28]. Plaintiff did not object to this representation. Accordingly, the Court denies as moot the pending motion to dismiss and motion to strike.

## CONCLUSION

For the foregoing reasons, the defendant's motion to transfer is DENIED and the motions to strike and to dismiss are DENIED AS MOOT. This matter may proceed in its entirety.

SO ORDERED.

This the __18__ day of November, 2014.

Terrence W. Bayle

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE